1  MATTHEW W. MESKELL (State Bar No. 208263)
   *mmeskell@twtlaw.com*
2  W. PAUL SCHUCK (State Bar. No. 203717)
   *pschuck@twtlaw.com*
3  SONY B. BARARI (State Bar No. 243379)
   *sbarari@twtlaw.com*
4  **THOMAS WHITELAW LLP**
   Three Embarcadero Center, Suite 1350
5  San Francisco, California  94111-4037
   Telephone:     (415) 820-0400
6  Facsimile:      (415) 820-0405

7  CHARLES K. VERHOEVEN (State Bar No. 170151)
   *charlesverhoeven@quinnemanuel.com*
8  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   50 California Street, 22nd Floor
9  San Francisco, California  94111
   Telephone:     (415) 875-6600
10 Facsimile:      (415) 975-6700

11 Attorneys for Plaintiff
   NATERA

12

13                UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                 SAN FRANCISCO DIVISION

16                      CV12      0132

17 NATERA,                           CASE NO.

18           Plaintiff,              **COMPLAINT**

19      vs.                          **DEMAND FOR JURY TRIAL**

20 SEQUENOM, INC.,

21           Defendant.

22

23

24

25

26

27

28

131047v6                        1
                           COMPLAINT

**NATURE OF THE ACTION**

1.     Plaintiff Natera brings this action under the Declaratory Judgment Act and the patent laws of the United States against Sequenom, Inc. ("Sequenom") for a declaration that Natera's non-invasive, pre-natal paternity test ("Non-Invasive Paternity Test") and activities related thereto do not directly infringe, whether literally or under the doctrine of equivalents, or contribute to or induce the infringement of any claim of U.S. Patent Number 6,258,540 ("the '540 patent") and that one or more claims of the '540 patent are invalid and unenforceable. A copy of the '540 patent is attached hereto as Exhibit A.

**THE PARTIES**

2.     Natera is a Delaware corporation with its principal place of business in this judicial District at 2686 Middlefield Road, Suite C, Redwood City, California.

3.     Upon information and belief, Sequenom is a Delaware corporation with its principal place of business at 3595 John Hopkins Court, San Diego, California.

**JURISDICTION**

4.     This is an action for declaratory relief of patent non-infringement and invalidity arising under the laws of the United States, including Title 35 of the United States Code.

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. As set forth in more detail below, an actual controversy exists between Natera and Sequenom regarding infringement and validity of the '540 patent because Sequenom has represented that the patent is valid and that Natera must license the '540 patent to practice Natera's Non-Invasive Paternity Test. In fact, Natera's Non-Invasive Paternity Test does not infringe the '540 patent and/or one or more claims of the '540 patent are invalid.

**VENUE**

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) & (c). Sequenom is subject to personal jurisdiction here and therefore resides in this District. Moreover, as described below, a substantial part of the events giving rise to Natera's complaint occurred in this District.

**INTRADISTRICT ASSIGNMENT**

7. This is an intellectual property action and, therefore, under Civil Local Rules 3-5(b) and 3-2(c), may be assigned to any division in this District.

**ALLEGATIONS COMMON TO ALL CLAIMS**

**Natera's Non-Invasive Paternity Test**

8. Natera's Non-Invasive Paternity Test is intended to confirm the paternity or non-paternity of a gestating fetus from genetic information in fetal DNA available in the blood of the pregnant mother.

9. Natera has invested significant capital and years of research to develop this test. As a result of these efforts, Natera's Non-Invasive Paternity Test now represents a significant advancement in ease of use and reliability compared to other tests.

10. Natera licenses its Non-Invasive Paternity Test for commercial use within the United States. Natera's licensees include the two leading companies in paternity testing world-wide.

11. Among Natera's licensees is DNA Diagnostics Center ("DDC"). Upon information and belief, DDC operates several centers for the collection of genetic material within this judicial District.

12. Natera began offering its Non-Invasive Paternity Test on or about August 2011. As of the date of this filing, Natera and its licensees continue to offer the test.

**The '540 patent**

13. The '540 patent is entitled "Non-Invasive Prenatal Diagnosis" and lists its date of issuance as July 10, 2001. The named inventors on the '540 patent are Yuk-Ming Dennis Lo and James Stephen Wainscoat.

14. On or about December 6, 2011, Sequenom represented to Natera that Sequenom is the exclusive licensee of the '540 patent.

**Sequenom's threats against Natera and Natera's licensee**

15. Upon information and belief, Mr. Dereck Tatman is an officer of Sequenom whose title is Vice President, Business Development.

16.     Dr. Matthew Rabinowitz is the CEO of Natera.  On or about August 22, 2011, Mr. Tatman emailed Dr. Rabinowitz regarding Natera's Non-Invasive Paternity Test.  In this email, Mr. Tatman wrote as follows:  "As I am sure that you are aware, Sequenom holds an exclusive license to patent rights related to detecting fetal nucleic acids from maternal circulation, and as such, the noninvasive paternity test requires a license."

17.     On or about August 23, 2011, Dr. Rabinowitz responded in email to Mr. Tatman that Natera's Non-Invasive Paternity Test did not in any way violate Sequenom's intellectual property.

18.     On or about December 6, 2011, Natera received a letter from Mr. Michael Malecek, Esq., a partner with the law firm Kaye Scholer LLP.  Mr. Malecek's biographic information on his firm's website describes him as a partner who practices, among other things, as part of the "Intellectual Property Litigation" practice group.

19.     Mr. Malecek's letter to Natera stated that his firm represents Sequenom and that the '540 patent "has been exclusively licensed to Sequenom, Inc."  After citing to claim language from the '540 patent, Mr. Malecek concluded by writing as follows:  "If you believe that the '540 patent is not relevant to [Natera's] activities, please provide a detailed explanation of the reasons for such belief, in writing, to me by January 6, 2012."

20.     On or about January 4, 2012, Mr. Tatman emailed Dr. Rabinowitz concerning Natera's Non-Invasive Paternity Test.  Mr. Tatman reiterated his earlier position regarding Natera's need for a license:  "I did talk to the team today and in the end there is simply not an understanding here of how the paternity test does not require a license from us and the noninfringement arguments around that."

21.     Sequenom has also contacted DDC regarding Natera's Non-Invasive Paternity Test.  Upon information and belief, Mr. Peter Vitulli is the President and CEO of DDC.  On or about August 17, 2011, Mr. Tatman emailed Mr. Vitulli regarding Natera's Non-Invasive Paternity Test and stated that DDC needs a license from Sequenom to practice the test.

22.     Subsequently, on or about December 6, 2011, Mr. Malecek sent DDC a letter.  Mr. Malecek's letter to DDC was nearly identical to the letter he sent to Natera, described in paragraph

1  19 above. Mr. Malacek's letter to DDC stated that his firm represents Sequenom and that the '540

2  patent "has been exclusively licensed to Sequenom, Inc." After citing to claim language from the

3  '540 patent, Mr. Malacek concluded by writing as follows: "If you believe that the '540 patent is

4  not relevant to DDC's activities, please provide a detailed explanation of the reasons for such

5  belief, in writing, to me by January 6, 2012."

6  ### FIRST CLAIM FOR RELIEF

7  **(Declaratory Judgment of Non-Infringement of U.S. Patent Number 6,258,540)**

8      23.    Natera re-alleges and incorporates by reference the allegations set forth in

9  paragraphs 1 through 22 of this complaint as if fully set forth herein.

10      24.    An actual and justiciable controversy has arisen and exists between Natera and

11  Sequenom regarding whether Natera's Non-Invasive Paternity Test and activities related thereto

12  infringe the '540 patent.

13      25.    Natera is entitled to a declaratory judgment that Natera's Non-Invasive Paternity

14  Test and activities related thereto do not infringe, directly, contributorily, or by inducement, any

15  valid, enforceable claim of the '540 patent, either literally or under the doctrine of equivalents, and

16  have not done so in the past.

17  ### SECOND CLAIM FOR RELIEF

18  **(Declaratory Judgment of Invalidity of U.S. Patent Number 6,258,540)**

19      26.    Natera re-alleges and incorporates by reference the allegations set forth in

20  paragraphs 1 through 25 of this complaint as if fully set forth herein.

21      27.    An actual and justiciable controversy has arisen and exists between Natera and

22  Sequenom regarding the invalidity of one or more of the claims of the '540 patent.

23      28.    Natera is entitled to a declaratory judgment that one or more claims of the '540

24  patent are invalid for failure to comply with the requirements of the patent laws of the United

25  States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102,

26  103 and/or 112.

27  ### PRAYER FOR RELIEF

28      WHEREFORE, Natera prays for relief as follows:

1      A.     Judgment in Natera's favor on all claims for relief;

2      B.     A declaration that Natera's Non-Invasive Paternity Test and activities related

3 thereto do not infringe, directly, contributorily, or by inducement, any valid, enforceable claim of

4 the '540 patent, either literally or under the doctrine of equivalents, and have not done so in the

5 past;

6      C.     A declaration that one or more claims of the '540 patent are invalid for failure to

7 comply with the requirements of the patent laws of the United States as set forth in Title 35 of the

8 United States Code, including without limitation §§ 101, 102, 103 and/or 112;

9      D.     An award to Natera of its costs and reasonable expenses to the fullest extent

10 permitted by law;

11      E.     A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of

12 attorneys' fees and costs; and

13      F.     An award of such other and further relief as the Court may deem just and proper.

14                             **DEMAND FOR JURY TRIAL**

15      Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Natera

16 hereby demands a trial by jury on all issues so triable.

17

18 DATED: January 6, 2012               THOMAS WHITELAW LLP

19

20                               By: _____

21                                   MATTHEW W. MESKELL

                                 W. PAUL SCHUCK

22                                 SONY B. BARARI

23                                 Attorneys for Plaintiff

                                NATERA

24

25

26

27

28

131047v6

6

COMPLAINT