W. PAUL SCHUCK (California Bar No. 203717)
*pschuck@twtlaw.com*
SONY B BARARI (California Bar No. 243379)
*sbarari@twtlaw.com*
**THOMAS WHITELAW & KATZ LLP**
Three Embarcadero Center, Suite 1350
San Francisco, California  94111-4037
Telephone:     (415) 820-0400
Facsimile:     (415) 820-0405

CHARLES K. VERHOEVEN (California Bar No. 170151)
*charlesverhoeven@quinnemanuel.com*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

PATRICK M. SHIELDS (California Bar No. 204739)
*patrickshields@quinnemanuel.com*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Attorneys for Plaintiff/Counterclaim Defendant
NATERA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATERA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SEQUENOM, NC. and ISIS INNOVATION LIMITED, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | CASE NO. 12-CV-00132-SI <br><br> **NATERA, INC.'S ANSWER TO COUNTERCLAIMS OF SEQUENOM, INC.** |

139310v3

## ANSWER TO COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant Natera, Inc. ("Natera"), by and through its undersigned attorneys of record, hereby responds to the Answer and Counterclaims of Defendant and Counterclaim-Plaintiff Sequenom, Inc. ("Sequenom") filed on April 18, 2012 (Dkt. No. 40) as follows:

## NATURE OF THE ACTION

1. Natera admits that this action purports to be an action for patent infringement arising under the patent laws of the United States for infringement of U.S. Patent No. 6,258,540 ("the '540 Patent").  Natera denies that there is any basis in law or fact for Sequenom's action for patent infringement with regard to Natera.  With regard to any other allegations contained in Paragraph 1, Natera lacks sufficient information to admit or deny the allegations, and on that basis denies each and every allegation of Paragraph 1 of the Counterclaims not expressly admitted.

## THE PARTIES

2. Natera lacks sufficient information to admit or deny the allegations of Paragraph 2, and on that basis denies each and every allegation of Paragraph 2 of the Counterclaims.

3. Natera admits that it is a Delaware corporation.  Natera admits that it had a principal place of business at 2686 Middlefield Road, Redwood City, California 94063 until April 2012 when Natera moved its principal place of business to 201 Industrial Rd., Suite 410, San Carlos, CA 94070.  Except as expressly admitted, Natera denies the allegations of Paragraph 3 of the Counterclaims.

4. Natera admits that it conducts business in this Judicial District.  Natera denies that it uses, offers for sale, and/or sells any process that infringes a valid and enforceable claim of the '540 Patent.  Except as expressly admitted, Natera denies the allegations of Paragraph 4 of the Counterclaims.

5. Natera lacks sufficient information to admit or deny the allegations of Paragraph 5, and on that basis denies each and every allegation of Paragraph 5 of the Counterclaims.

6. Natera lacks sufficient information to admit or deny the allegations of Paragraph 6, and on that basis denies each and every allegation of Paragraph 6 of the Counterclaims.

7. Paragraph 7 contains an assertion of law that requires no response.  Natera admits that Sequenom seeks relief realigning Isis as a co-plaintiff.  Except as expressly admitted, Natera lacks sufficient information to admit or deny the allegations of Paragraph 7, and on that basis denies each and every other allegation of Paragraph 7 of the Counterclaims.

**JURISDICTION AND VENUE**

8. Natera admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Natera admits that this Court has jurisdiction over Natera because Natera's principal place of business is within the District and Natera has availed itself of the privilege of conducting activities within this State and District, including filing the above-captioned action.  Except as expressly admitted, Natera denies the allegations of Paragraph 9 of the Counterclaims.

10. Natera lacks sufficient information to admit or deny the allegations of Paragraph 10, and on that basis denies each and every allegation of Paragraph 10 of the Counterclaims.

11. Natera admits that Isis has consented to the jurisdiction of the Court.  Except as expressly admitted, Natera lacks sufficient information to admit or deny the other allegations of Paragraph 11, and on that basis denies the other allegations of Paragraph 11 of the Counterclaims.

12. Natera admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(b).

**THE PATENT-IN-SUIT**

13. Natera admits that the '540 Patent, entitled "Non Invasive Prenatal Diagnosis," issued on July 10, 2001.  Natera admits that Isis is listed as the named assignee on the face of the '540 Patent.  Natera admits that a document that appears to be a copy of the '540 Patent is attached to the Answer and Counterclaims as Exhibit 1.  Except as expressly admitted, Natera lacks sufficient information to admit or deny the other allegations of Paragraph 13, and on that basis denies the other allegations of Paragraph 13 of the Counterclaims.

14. The scope and meaning of the claims of the '540 Patent is an issue of law for the Court and the Court has not yet construed the patent.  Therefore, Natera lacks sufficient information to admit or deny the allegations of Paragraph 14 and, on that basis, denies the

1 allegations of Paragraph 14 of the Counterclaims.

2     15.    Natera lacks sufficient information to admit or deny the allegations of Paragraph 15, and on that basis denies each and every allegation of Paragraph 15 of the Counterclaims.

    16.    The term "founded" as used in Paragraph 16 is vague and ambiguous. Natera admits that it began operations in 2004; Natera denies that it was incorporated in 2004. Natera admits that it was previously known as Gene Security Network, Inc. Natera admits that as of April 18, 2012, Natera operated a laboratory in Redwood City, California; later in April 2012, Natera moved its laboratory operations to San Carlos, California. Natera admits that it offers services including non-invasive prenatal paternity testing to determine paternity. Natera admits that it performs non-invasive prenatal aneuploidy testing by analyzing fetal DNA in a pregnant mother's blood drawn during pregnancy. Natera denies that it currently offers non-invasive prenatal aneuploidy testing services. Except as expressly admitted, Natera denies the allegations contained in Paragraph 16 of the Counterclaims.

    17.    Natera admits that as of April 18, 2012, its website stated that "Natera now provides non-invasive prenatal paternity testing." Except as expressly admitted, Natera denies the allegations of Paragraph 17 of the Counterclaims.

    18.    Natera admits that it has sponsored trials of its non-invasive aneuploidy testing. Natera admits that as of April 18, 2012, its website referenced several clinical trials and stated: "PreNATUS (Prenatal Non-invasive Aneuploidy Testing Using SNPs) – This is a prospective blinded trial to validate clinical use of Parental Support™ technology to detect genetic abnormalities (including Down Syndrome) from free floating fetal DNA found in maternal blood during pregnancy." Except as expressly admitted, Natera denies the allegations of Paragraph 18 of the Counterclaims.

    19.    Natera admits that as of April 18, 2012, its website stated: "Non-invasive Prenatal Diagnosis Validation – This is a retrospective trial to validate use of Parental Support technology to detect a broad group of chromosome abnormalities (including microdeletions) from free floating fetal DNA found in maternal blood during pregnancy. This study is actively recruiting patients that are carrying a fetus diagnosed with any chromosome abnormality by amniocentesis or

1  CVS. Patients can participate by contacting Natera directly at info@natera.com." Except as
2  expressly admitted, Natera denies the allegations of Paragraph 19 of the Counterclaims.
3    20. Natera denies that it uses, offers for sale, and/or sells any process that infringes a
4  valid and enforceable claim of the '540 Patent.
5    21. Natera admits that it is using, selling and/or offering to sell its non-invasive
6  prenatal paternity testing in the United States, including this District. Natera admits that it is using
7  its non-invasive prenatal aneuploidy testing in the United States, including this District. Natera
8  denies that it is selling or offering to sell its non-invasive prenatal aneuploidy testing in the United
9  States. Except as expressly admitted, Natera denies the allegations of Paragraph 21 of the
10 Counterclaims.
11   22. Natera admits that it has entered into relationships with DDC and others whereby
12 DDC and/or others market Natera's non-invasive prenatal paternity testing services. Natera denies
13 that it has encouraged DDC or others to practice Natera's non-invasive prenatal paternity testing
14 methods. Natera admits that as of April 18, 2012, its website stated: "If you are a patient seeking
15 non-invasive paternity testing please contact the appropriate partner below. … For the U.S. and
16 Canada: http://www.dnacenter.com/paternity/prenatal-testing.html." Natera denies that its non-
17 invasive prenatal paternity testing to determine paternity by analyzing fetal DNA in a pregnant
18 mother's blood drawn during pregnancy infringes any methods claimed by a valid and enforceable
19 claim of the '540 Patent. Except as expressly admitted, Natera denies the allegations of Paragraph
20 22 of the Counterclaims.
21   23. Natera admits that DDC has partnered with Natera to offer a non-invasive prenatal
22 paternity test. With regard to the other allegations of Paragraph 23, Natera lacks sufficient
23 information to admit or deny the allegations of Paragraph 23, and on that basis denies each and
24 every other allegation of Paragraph 23 of the Counterclaims.
25   24. To the extent that "DDC's non-invasive prenatal paternity testing" is Natera's non-
26 invasive prenatal paternity testing, Natera denies that its testing uses any method claimed in a
27 valid and enforceable claim of the '540 Patent. Except as expressly admitted, Natera lacks
28 sufficient information to admit or deny the allegations of Paragraph 24, and on that basis denies

each and every allegation of Paragraph 24 of the Counterclaims.

25. Natera lacks sufficient information to admit or deny the allegations of Paragraph 25, and on that basis denies each and every allegation of Paragraph 25 of the Counterclaims.

## COUNT 1

**(Infringement of United States Patent No. 6,258,540 by Natera)**

26. Natera admits that Sequenom has re-alleged the allegations stated in paragraphs 1-35 of Sequenom's Answer and paragraphs 1-25 of Sequenom's Counterclaims. Natera hereby incorporates its responses to Paragraphs 1-25 of Sequenom's Counterclaims.

27. Natera denies that it uses, offers for sale, and/or sells any process that infringes a valid and enforceable claim of the '540 Patent.

28. Natera denies that it uses, offers for sale, and/or sells any process, or knowingly encourages others to use, offer for sale, and/or sell in the United States any Natera non-invasive prenatal paternity testing or Natera non-invasive prenatal aneuploidy testing that infringes a valid and enforceable claim of the '540 Patent. Natera therefore denies that it has indirectly infringed, or that it does indirectly infringe, the '540 Patent.

29. Natera denies that it uses, offers for sale, and/or sells any process that infringes a valid and enforceable claim of the '540 Patent. Natera further denies that it has intentionally, deliberately, or willfully infringed the '540 Patent.

30. Natera denies that it uses, offers for sale, and/or sells any process that infringes a valid and enforceable claim of the '540 Patent. Natera further denies that it will infringe the '540 Patent unless enjoined by the Court.

## COUNT 2

**(Infringement of United States Patent No. 6,258,540 by DDC)**

31. Natera admits that Sequenom has re-alleged the allegations stated in paragraphs 1-35 of Sequenom's Answer and Paragraphs 1-30 of Sequenom's Counterclaims. Natera hereby incorporates its responses to Paragraphs 1-30 of Sequenom's Counterclaims.

32. Natera denies that DDC uses, offers for sale, and/or sells any process provided by Natera that infringes a valid and enforceable claim of the '540 Patent. Except for the foregoing

denial, Natera lacks sufficient information to admit or deny the allegations of Paragraph 32, and on that basis denies each and every allegation of Paragraph 32 of the Counterclaims.

33. Natera lacks sufficient information to admit or deny the allegations of Paragraph 33, and on that basis denies each and every allegation of Paragraph 33 of the Counterclaims.

34. Natera lacks sufficient information to admit or deny the allegations of Paragraph 34, and on that basis denies each and every allegation of Paragraph 34 of the Counterclaims.

## PRAYER FOR RELIEF

Sequenom's prayer for relief requires no response. To the extent that any response is required, Natera denies that it has infringed any valid and enforceable claim of the patent-in-suit and denies that Sequenom is entitled to any relief whatsoever from Natera, either as requested or otherwise. Natera further denies any and allegations related to Natera contained in the Counterclaims to which Natera has not specifically responded.

## DEMAND FOR JURY TRIAL

Natera admits that Sequenom has requested a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a).

## AFFIRMATIVE DEFENSES

Natera alleges and asserts the following defenses in response to the allegations of the Counterclaims, without undertaking or otherwise shifting any applicable burdens of proof. In addition to the affirmative defenses described below, Natera specifically reserves all rights to allege additional affirmative defenses that become known through the course of investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

Natera has not infringed, and does not infringe, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '540 Patent, either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

Natera alleges and assert that, after a reasonable opportunity for further investigation and/or discovery, it will be able to demonstrate that the claims of the '540 Patent are invalid under one or more requirements of the patent laws of the United States, including but not limited to the provisions of Title 35, United States Code §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

Natera has not willfully infringed any valid, enforceable claim of the '540 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

Natera alleges and asserts that all or some of Sequenom's claims are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

Natera alleges and asserts that all or some of Sequenom's claims are barred, in whole or in party, by the doctrine of equitable estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Not Exceptional Case Against Natera)**

Sequenom has not alleged any basis for and cannot prove that this is an exceptional case that would justify any award of attorney fees against Natera pursuant to 35 U.S.C. § 285.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Damages Limited by Statute)**

Sequenom's claim for damages is statutorily limited under 35 U.S.C. § 286 and/or §287.

1 | DATED: May 9, 2012

THOMAS WHITELAW & KATZ LLP

By: /s/ W. Paul Schuck
  W. PAUL SCHUCK
  SONY B BARARI
  Attorneys for Plaintiff/Counterclaim Defendant
  NATERA, INC.