1  W. PAUL SCHUCK (California Bar No. 203717)
   *pschuck@twtlaw.com*
2  SONY B BARARI (California Bar No. 243379)
   *sbarari@twtlaw.com*
3  **THOMAS WHITELAW & KATZ LLP**
   Three Embarcadero Center, Suite 1350
4  San Francisco, California  94111-4037
   Telephone:    (415) 820-0400
5  Facsimile:    (415) 820-0405

6  Attorneys for Counterclaim Defendant
   DNA DIAGNOSTICS CENTER, INC.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  NATERA, INC.,                          | CASE NO. 12-CV-00132-SI

              Plaintiff,                    | **DNA DIAGNOSTICS CENTER, INC.'S
13                                          | ANSWER TO COUNTERCLAIMS OF
         vs.                                | SEQUENOM, INC.**
14
   SEQUENOM, INC. and ISIS INNOVATION
15  LIMITED,

16              Defendants.

17
   AND RELATED COUNTERCLAIMS.
18

19

20

21

22

23

24

25

26

27

28

## ANSWER TO COUNTERCLAIMS

Counterclaim-Defendant DNA Diagnostics Center, Inc. ("DDC"), by and through its undersigned attorneys of record, hereby responds to the Answer and Counterclaims ("Counterclaims") of Defendant and Counterclaim-Plaintiff Sequenom, Inc. ("Sequenom") filed on April 18, 2012 (Dkt. No. 40) as follows:

## NATURE OF THE ACTION

1.     DDC admits that this action purports to be an action for patent infringement arising under the patent laws of the United States alleging infringement of United States Patent No. 6,258,540 ("the '540 patent").  DDC denies that there is any basis in law or fact for Sequenom's action for patent infringement with regard to DDC.  With regard to all other allegations of Sequenom in Paragraph 1 of the Counterclaims, including but not limited allegations regarding Sequenom's licensing of the patent-in-suit, DDC lacks sufficient information to admit or deny the allegations and on that basis denies each and every such allegation.

## THE PARTIES

2.     DDC lacks sufficient information to admit or deny the allegations of Paragraph 2, and on that basis denies each and every allegation of Paragraph 2 of the Counterclaims.

3.     DDC lacks sufficient information to admit or deny the allegations of Paragraph 3, and on that basis denies each and every allegation of Paragraph 3 of the Counterclaims.

4.     DDC lacks sufficient information to admit or deny the allegations of Paragraph 4, and on that basis denies each and every allegation of Paragraph 4 of the Counterclaims.

5.     DDC admits that it is an Ohio corporation with a principal place of business at One DDC Way Fairfield, Ohio  45014.

6.     DDC admits that it conducts business in this Judicial District.  DDC denies that it uses, offers for sale, and/or sells any process that infringes a valid and enforceable claim of the '540 Patent.  Except as expressly admitted, DDC denies the allegations of Paragraph 6 of the Counterclaims.

7.     Paragraph 7 contains an assertion of law that requires no response.  DDC admits that Sequenom seeks relief realigning Isis as a co-plaintiff.  With regard to all other allegations

contained in paragraph 7, DDC lacks sufficient information to admit or deny the allegations, and on that basis denies each and every allegation of Paragraph 7 not expressly admitted.

## JURISDICTION AND VENUE

8.      DDC admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      DDC lacks sufficient information to admit or deny the allegations of Paragraph 9, and on that basis denies each and every allegation of Paragraph 9 of the Counterclaims.

10.      DDC admits that this Court has jurisdiction over DDC because DDC has availed itself of the privilege of conducting activities within this State and District.  Except as expressly admitted, DDC denies the allegations of Paragraph 10 of the Counterclaims.

11.      DDC admits that Isis has consented to the jurisdiction of this Court. Except as expressly admitted, DDC lacks sufficient information to admit or deny the other allegations of Paragraph 11, and on that basis denies the other allegations of Paragraph 11 of the Counterclaims.

12.      DDC admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(b).

## THE PATENT-IN-SUIT

13.      DDC admits that the '540 Patent, entitled "Non Invasive Prenatal Diagnosis," issued on July 10, 2001.  DDC admits that Isis is listed as the named assignee on the face of the '540 Patent.  DDC admits that a document that appears to be a copy of the '540 Patent is attached to the Answer and Counterclaims as Exhibit 1.  Except as expressly admitted, DDC lacks sufficient information to admit or deny the other allegations of Paragraph 13, and on that basis denies the other allegations of Paragraph 13 of the Counterclaims.

14.      The meaning and scope of the claims of the '540 Patent is a question of law for the Court to determine.  As the Court has not yet construed the claims of the '540 Patent, DDC lacks sufficient information to admit or deny allegations regarding the scope and content of the claims, and on that basis, denies the allegations of claim 14 of the Counterclaims.

15.      DDC lacks sufficient information to admit or deny the allegations of Paragraph 15, and on that basis denies each and every allegation of Paragraph 15 of the Counterclaims.

DNA DIAGNOSTICS CENTER, INC.'S ANSWER TO SEQUENOM'S COUNTERCLAIMS

16.    DDC lacks sufficient information to admit or deny the allegations of Paragraph 16 and on that basis denies each and every allegation of Paragraph 16 of the Counterclaims.

17.    DDC lacks sufficient information to admit or deny the allegations of Paragraph 17, and on that basis denies each and every allegation of Paragraph 17 of the Counterclaims.

18.    DDC lacks sufficient information to admit or deny the allegations of Paragraph 18, and on that basis denies each and every allegation of Paragraph 18 of the Counterclaims.

19.    DDC lacks sufficient information to admit or deny the allegations of Paragraph 19, and on that basis denies each and every allegation of Paragraph 19 of the Counterclaims.

20.    DDC denies that it uses, offers for sale, and/or sells any process that infringes a valid and enforceable claim of the '540 Patent.

21.    DDC lacks sufficient information to admit or deny the allegations of Paragraph 21, and on that basis denies each and every allegation of Paragraph 21 of the Counterclaims.

22.    DDC admits that Natera has encouraged DDC to market Natera's non-invasive paternity testing.  DDC admits that it provides samples for Natera to perform non-invasive paternity testing.  DDC expressly denies that DDC performs non-invasive prenatal paternity testing to determine paternity by analyzing cell-free fragments of fetal DNA in pregnant mother's blood.  DDC further denies that it infringes any valid and enforceable claim of the '540 Patent. With regard to all other allegation of paragraph 22, DDC lacks sufficient information to admit or deny the other allegations of Paragraph 22, and on that basis denies each and every other allegation of Paragraph 22.

23.    DDC admits that it offers paternity testing services and that DDC has partnered with Natera to offer a non-invasive paternity test.  DDC admits that a DDC press release dated August 16, 2011, states that "DNA Diagnostics Center (DDC) the largest provider of private DNA paternity and other DNA tests in the United States and around the world, announced today the company's exclusive license in the US for the first non-invasive prenatal paternity test using SNP (single-nucleotide polymorphism) Microarray Technology, which requires only a simple blood draw from the mother and alleged father" and that the press release further states that DDC secured "the exclusive license from Gene Security Network (GSN)."  Except as expressly

admitted, DDC denies the allegations of Paragraph 23 of the Counterclaims.

24.     DDC denies that it uses, offers for sale, and/or sells any testing that infringes a valid and enforceable method claim of the '540 Patent.

25.     DDC admits that it offers to sell and sells non-invasive prenatal paternity testing services in the United States, including this District.  Except as expressly admitted, DDC denies the allegations of Paragraph 25 of the Counterclaims.

## COUNT 1

### (Infringement of United States Patent No. 6,258,540 by Natera)

26.     DDC admits that Sequenom has re-alleged the allegations stated in paragraphs 1-35 of Sequenom's Answer and Paragraphs 1-25 of Sequenom's Counterclaims.  DDC hereby incorporates its responses to Paragraphs 1-25 of Sequenom's Counterclaims.

27.     DDC lacks sufficient information to admit or deny the allegations of Paragraph 27 and on that basis denies each and every allegation of Paragraph 27.

28.     DDC lacks sufficient information to admit or deny the allegations of Paragraph 28, and on that basis denies each and every allegation of Paragraph 28.

29.     DDC lacks sufficient information to admit or deny the allegations of Paragraph 29, and on that basis denies each and every allegation of Paragraph 29.

30.     DDC lacks sufficient information to admit or deny the allegations of Paragraph 30, and on that basis denies each and every allegation of Paragraph 30.

## COUNT 2

### (Infringement of United States Patent No. 6,258,540 by DDC)

31.     DDC admits that Sequenom has re-alleged the allegations stated in paragraphs 1-35 of Sequenom's Answer and paragraphs 1-30 of Sequenom's Counterclaims.  DDC hereby incorporates its responses to Paragraphs 1-30 of Sequenom's Counterclaims.

32.     DDC denies that it uses, offers for sale, and/or sells, now or in the past, any process that infringes a valid and enforceable claim of the '540 Patent.  DDC further denies all other allegations contained in Paragraph 32.

33.     DDC denies that it uses, offers for sale, and/or sells, now or in the past, any process

1   or product that infringes a valid and enforceable claim of the '540 Patent.  DDC further denies all

2   other allegations contained in Paragraph 33.

3       34.    DDC denies that it uses, offers for sale, and/or sells any process or product that

4   infringes a valid and enforceable claim of the '540 Patent.  DDC further denies all other allegations

5   contained in Paragraph 34.

6

7                          **PRAYER FOR RELIEF**

8       Sequenom's prayer for relief requires no response.  To the extent that any response is

9   required, DDC denies that it has infringed any valid and enforceable claim of the patent-in-suit

10  and denies that Sequenom is entitled to any relief whatsoever from DDC, either as requested or

11  otherwise.  DDC further denies any and allegations related to DDC contained in the Counterclaims

12  to which DDC has not specifically responded.

13                        **DEMAND FOR JURY TRIAL**

14      DDC admits that Sequenom has requested a trial by jury on all issues so triable pursuant to

15  Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a).

16                         **AFFIRMATIVE DEFENSES**

17      DDC alleges and asserts the following defenses in response to the allegations of the

18  Counterclaims, without undertaking or otherwise shifting any applicable burdens of proof.  In

19  addition to the affirmative defenses described below, DDC specifically reserves all rights to allege

20  additional affirmative defenses that become known through the course of investigation and

21  discovery.

22                        **FIRST AFFIRMATIVE DEFENSE**

23                            **(Non-Infringement)**

24      DDC has not infringed, and does not infringe, directly, contributorily, or by inducement,

25  any valid, enforceable, properly construed claim of the '540 Patent, either literally or under the

26  doctrine of equivalents.

27

28

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

DDC alleges and assert that, after a reasonable opportunity for further investigation and/or discovery, it will be able to demonstrate that the claims of the '540 Patent are invalid under one or more requirements of the patent laws of the United States, including but not limited to the provisions of Title 35, United States Code §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

DDC has not willfully infringed any valid, enforceable claim of the '540 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

DDC alleges and asserts that all or some of Sequenom's claims are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

DDC alleges and asserts that all or some of Sequenom's claims are barred, in whole or in party, by the doctrine of equitable estoppel

**SIXTH AFFIRMATIVE DEFENSE**

**(Not Exceptional Case Against DDC)**

Sequenom has not alleged any basis for and cannot prove that this is an exceptional case that would justify any award of attorney fees against DDC pursuant to 35 U.S.C. § 285.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Damages Limited by Statute)**

Sequenom's claim for damages is statutorily limited under 35 U.S.C. § 286 and/or §287.

1    DATED:  May 9,  2012                    THOMAS WHITELAW & KATZ LLP

2

3
                                            By:   /s/ W. Paul Schuck
4                                                 W. PAUL SCHUCK
                                                  SONY B BARARI
5
                                                  Attorneys for Counterclaim Defendant
6                                                 DNA DIAGNOSTICS CENTER, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DNA DIAGNOSTICS CENTER, INC.'S ANSWER TO SEQUENOM'S COUNTERCLAIMS