1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| NATERA, INC., | ) | Case No. 3:12-cv-0132-SI |
| | ) | |
| Plaintiff/Counterclaim Defendant; and | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| DNA DIAGNOSTICS CENTER, INC. | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| v. | ) | |
| | ) | |
| SEQUENOM, INC. | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff; and | ) | |
| | ) | |
| ISIS INNOVATION LIMITED | ) | |
| Nominal Counterclaim-Defendant. | ) | |

Plaintiff and Counterclaim-defendant Natera, Inc. and Counterclaim-defendant DNA Diagnostics Center, Inc., Defendant and Counter-plaintiff, Sequenom, Inc., and Nominal Counterdefendant Isis Innovation Limited (the "Parties") assert that they may possess confidential information in the form of trade secrets or other confidential business, personal, and/or technical information related to the subject matter of this Litigation, as well as information that constitutes "protected health information" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The Parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this Litigation. As a result, the Parties desire limiting disclosure and preventing use of such information for purposes other than the prosecution and defense of this Litigation. In addition, the Parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter, "Order").

This Order shall apply to all information, documents, and things within the scope of discovery in this Litigation that are in the possession or custody of, or are owned or controlled by the Parties or third parties, including but not limited to documents and things responsive to requests for production of documents and things under Federal Rule of Civil Procedure 34 (including business records produced pursuant to Federal Rule of Civil Procedure 33(d)); answers to interrogatories under Federal Rule of Civil Procedure 33; responses to requests for admission under Federal Rule of Civil Procedure 36; testimony provided at deposition pursuant to Federal Rule of Civil Procedure 30 or 31; testimony provided at any hearing in this Litigation; documents and things responsive to, and testimony provided pursuant to any subpoena issued in this Litigation under Federal Rule of Civil Procedure 45; and documents, things, testimony, or other information obtained through discovery from foreign third parties, including but not limited to such discovery taken under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. All such materials shall be used only in connection with the preparation,

trial, and appeal of this Litigation. This limitation shall not apply to the Party that created or produced such materials, or otherwise had possession, custody, ownership, or control of the materials outside of this lawsuit.

1. **DEFINITIONS**

(a) *Designated Material*: The term "Designated Material" shall mean and refer to all information and material subject to this Order that constitutes or contains a trade secret or other confidential research, development, or commercial information, including but not limited to non-public technical, business, or financial information, marketing plans, customer lists, vendor lists and proposals, pricing and cost data, business plans, user information, and all information, documents, and things referring or relating to the foregoing, including copies, abstracts, and summaries of the same. "Designated Material" includes "CONFIDENTIAL INFORMATION" and "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" as those terms are defined below. The scope of this Order shall be understood to encompass not only Designated Material which is expressly designated as "CONFIDENTIAL INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

(b) *Discovery Material*: The term "Discovery Material" shall mean any document (as defined below), material, item, testimony, information, or thing filed with or presented to the Court or produced, disclosed, served, or generated in connection with the discovery process or Federal Rule 26(a) disclosures in this Litigation, including without limitation, for example, initial disclosures; exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; expert reports; subpoenas; declarations; affidavits; and deposition testimony or transcripts; and all copies, extracts, summaries, compilations, presentation by parties or counsel to or in court, designations, and portions thereof.

(c) *Confidential Information*: The term "CONFIDENTIAL INFORMATION" means information or material that a designating party believes, in good faith, embodies, contains or

- 3 -

reflects confidential information or material that is used by the designating Party in, or pertaining to, its business, which information or material is not generally known and which the designating Party would normally not reveal to third parties, including but not limited to confidential research, development, commercial, proprietary, technical, business, financial, sensitive or private information or material.

(d)     *Outside Attorneys' Eyes Only Information*:  The term "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" means "CONFIDENTIAL INFORMATION" (i) of a commercially sensitive nature such as a trade secret that a designating party determines, in good faith, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties or select employees or agents of the Receiving Party, including, but not limited to, unpublished pending domestic or foreign patent applications; non-public financial, marketing, strategic, organizational, operational or competitive information; and highly sensitive technical information relating to the design, development, research, testing and production of products, or (ii) that a designating party believes, in good faith, embodies, contains, or reflects "protected health information" under HIPAA; for purposes of this Order, "protected health information" comprises the identifiers set forth in 45 C.F.R. § 164.514(b)(2)(i).

(e)     *Document*:  The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

(f)     *Outside Counsel*:  The term "outside counsel" means attorneys who are not employees of a Party to this Litigation but are retained to represent or advise a Party to this Litigation and have appeared in this Litigation on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

(g) *Party*:  The term "Party" means any party to this Litigation including all of its officers, directors, and employees, and (other than its legal counsel) consultants.

(h) *Producing Party*:  The term "Producing Party" shall mean any Party to this Litigation or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery in connection with this Litigation.

(i) *Receiving Party*:  The term "Receiving Party" shall mean any Party to this Litigation who receives any Discovery Material from a Producing Party.

(j) *Litigation*:  The term "Litigation" shall mean Case No. 3:12-cv-0132-SI in the United States District Court For The Northern District of California, including any appeals therefrom.

## 2.  PROCEDURE FOR MARKING PRODUCED DOCUMENTS

Copies of documents produced in this Litigation, whether pursuant to a formal discovery request or otherwise, shall bear a unique identifying number, except such unique identifying number is not required when documents are produced only for inspection.

## 3.  CATEGORIES OF DESIGNATED MATERIAL

(a) *Types.*  Any Producing Party may mark Designated Material as follows:  (i) if containing "CONFIDENTIAL INFORMATION," by marking the Designated Material "CONFIDENTIAL"; or (ii) if containing "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," by marking the Designated Material "OUTSIDE ATTORNEYS' EYES ONLY" if the Producing Party reasonably believes in good faith that the Designated Material meets the requirements of Paragraphs 1(c) and 1(d) above.

(b) *Additional Categories.*  The Parties may agree to add additional categories of Designated Material (in addition to CONFIDENTIAL INFORMATION and OUTSIDE ATTORNEYS' EYES ONLY INFORMATION) from time to time as may be necessary or appropriate.  If the Parties cannot resolve the issue of whether this Order should be amended to include the proposed new category of Designated Material, the dispute may be submitted to the

Court by motion or otherwise.   Disclosure of the Discovery Material, however, shall still be made, but with the highest level of confidentiality available under this Order, pending resolution of the objection by the Parties or the Court, as the case may be.

**4.     PROCEDURE FOR MARKING DESIGNATED MATERIAL**

Marking Designated Material as CONFIDENTIAL or OUTSIDE ATTORNEYS' EYES ONLY shall be made by the Producing Party in the following manner:

(a)     In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

(b)     In the case of electronically stored information ("ESI"), (i) digital image files, such as TIFFs, will be marked by the Producing Party with the appropriate designation on each viewable page or image, and (ii) native documents and databases will be marked by the Producing Party with the appropriate designation using a naming convention that conveys its confidentiality status, or some other appropriate means to communicate the confidential nature of the ESI that is agreed upon by the Parties.

(c)     In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "OUTSIDE ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as "CONFIDENTIAL" or  "OUTSIDE ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the Receiving Party;

(d)     Any individual response to written interrogatories or requests for admissions or any expert report that contains or constitutes Designated Material shall be labeled or marked by the Producing Party as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY" as the case may be, at the time it is provided or disclosed to the Receiving Party, by indicating either at the

outset of the document embodying the response or in the body of each individual response, the designation applicable to each response.  With respect to responses to written interrogatories or requests for admissions already served in this Litigation, the outside counsel for the respective Parties shall exchange letters within ten (10) business days following entry of this Order identifying the designation, if any, applicable to each.  Any document or thing created (e.g., any abstract, summary, memorandum, or exhibit) containing Designated Material subject to this Order, shall likewise be marked or labeled as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY" as the case may be; and

      (e)     In the case of deposition testimony, transcripts or portions thereof, designation shall be made by any Party either (i) orally on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" by the reporter, as the Party may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after receipt of the official transcript.  All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Party or deponent.  Pending expiration of the ten (10) business days, all Parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."  If the deposition is videotaped, the video technician shall mark the original and all copies of the videotape to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case.  Its contents may not be viewed, displayed, or revealed except by order of the Court or pursuant to written stipulation of the Parties."  No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material (based on the designation of such Designated Material) under the terms of this Order.

**5.    UNINTENTIONAL FAILURE TO DESIGNATE**

If, through inadvertence, a Producing Party provides any Designated Material pursuant to this Litigation without designating and marking the Designated Material as CONFIDENTIAL or OUTSIDE ATTORNEYS' EYES ONLY, or fails to designate materials correctly, this does not, standing alone, waive the Producing Party's right to secure protection under this Order.  The Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY INFORMATION, as the case may be, upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Designated Material.  Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.  However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, *i.e.*, by retrieving all copies of the Designated Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Designated Material and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order.

**6.    CONTESTING THE DESIGNATION**

(a)    No Party to this Litigation shall be obligated to challenge the propriety of any designation by any Producing Party at the time the designation is made, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge thereto unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation.

(b)    A Party may contest a claim of confidentiality.  Such Party objecting to the designation of any Discovery Material as Designated Material, such as CONFIDENTIAL

INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY INFORMATION, must give outside counsel for the Producing Party written notice that specifically identifies the documents or information that the objecting party contends should be differently designated and the grounds for the objection.   Outside counsel for the objecting party and outside counsel for the Producing Party are to then meet and confer in person, in writing, or by telephone in an effort to resolve the contested designation.  Failing resolution after service of the written notice of its reasons for the objection, the objecting Party may, on a duly noticed motion or other procedure set forth by the Court, seek an order changing or removing the designation.  In the resolution of such matter, the burden of establishing confidentiality shall be on the Party who made the claim of confidentiality, *i.e.*, the Producing Party, but information designated as CONFIDENTIAL INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY INFORMATION shall be deemed as such until the matter is resolved.

**7.**     **ACCESS TO DESIGNATED MATERIAL**

(a)     *Basic Principles*.  A Receiving Party is authorized under this Order to use Designated Material that is disclosed by another Party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle this Litigation.  Such Designated Material may be disclosed only to those categories of persons and under the conditions described in this Order.

Designated Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

A Producing Party is free to do whatever it desires with its own Designated Material, provided that it complies with the requirements under HIPAA.

(b)     *Disclosure of "CONFIDENTIAL INFORMATION."*  Designated Material marked "CONFIDENTIAL" may be disclosed only to:

(i)     any employee of the Producing Party;

(ii)     any former counsel or employee of the Producing Party who was involved with the matters to which the "CONFIDENTIAL INFORMATION" relates or refers;

(iii)     any person who authored or received the "CONFIDENTIAL INFORMATION" prior to its production or disclosure in this Litigation;

(iv)     the Court, its technical advisor, its personnel, and the jury in this Litigation;

(v)     the Receiving Party's outside counsel, their staff, and their commercial copying vendors, data processing vendors, electronic discovery vendors, and/or database services ;

(vi)     no more than five (5) officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the undertaking attached as EXHIBIT A agreeing to be bound by the terms of this Order;

(vii)     court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation;

(viii)     subject to Paragraph 8, approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate, or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

(ix)     persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

(x)     mock jurors or focus group members, provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Order; and

(xi)     persons or entities engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving

STIPULATED PROTECTIVE ORDER

"CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order.

(c)     *Disclosure of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."* Designated Material marked "OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)      the Receiving Party's Outside Counsel, their staff, and their commercial copying vendors, data processing vendors, electronic discovery vendors, and/or database services;

(ii)     any person  who (a) appears on the face of the Designated Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" as an author, addressee, or recipient thereof, or (b) is a witness during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that such person authored or received the Designated Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" prior to its production or disclosure in this Litigation;

(iii)    the Court, its technical advisor, its personnel, and the jury in this Litigation;

(iv)    court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation;

(v)     subject to Paragraph 8, approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

(vi)    persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order; and

(vii)   persons or entities engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving "OUTSIDE

ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order.

**8.      CONDITIONS ON ACCESS TO DESIGNATED MATERIAL**

(a)      *Consultants and Experts.*  Prior to a Receiving Party giving, showing, disclosing, making available, or communicating Designated Material to any expert or consultant under Paragraph 7(c)(v), the Receiving Party shall:  serve a written notice on the Producing Party that includes:  (i) the person's name and business address; (ii) the person's present employer and title (along with  a job description); (iii) the person's up-to-date curriculum vitae or resume; (iv) a list of the cases in which the person has testified at deposition or trial and all companies with which the person has consulted or by which the person has been employed for the past five (5) years; and (v) any previous or current relationship (personal or professional) with any of the Parties.   If the up-to-date  curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided.  The Receiving Party shall include with such notice, a copy of the Acknowledgment of Protective Order, in the form attached as EXHIBIT A, signed by the proposed expert or consultant agreeing to be bound by the terms of this Order.

(b)      *Objections to Proposed Consultants and Experts*.  The Producing Party shall be entitled to object to such disclosure to the expert or consultant within five (5) business days after receipt of the Acknowledgment of Protective Order executed by such expert or consultant, by stating specifically in writing the reasons why such expert or consultant should not receive the Designated Material.  Outside counsel for the Producing Party and outside counsel for the Receiving Party  shall meet and confer within three (3) business days after the Producing Party serves its objection, for the purpose of attempting to resolve the objection.  If the objection is not resolved by the Parties, the Producing Party must file and serve a motion to prevent disclosure within five calendar (5) business days after such meet and confer.  Otherwise, the Producing Party shall be deemed to have withdrawn its objection.  In any motion before the Court, the Producing Party shall set forth the Parties' meet and confer efforts and shall bear the burden of showing the

need for confidentiality and the grounds for its objection. No disclosure of Designated Material shall be made to the proposed expert or consultant until the Parties resolve the matter, the objection is withdrawn, or the Court permits such disclosure. The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

(c)     *Authorization and Acknowledgment.* Each person authorized to receive Designated Material under this Order (excluding Judges, Magistrate Judges, judicial law clerks, and clerical personnel of the Court before which this Litigation is pending or qualified court reporters, as well as third party contractors and their employees involved solely in document management, delivery or copying services for this Litigation) to whom Designated Material is to be given, shown, disclosed, made available or communicated in any way, shall first execute an Acknowledgment of Protective Order in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order, acknowledging that Designated Material is subject to this Order, that the person is authorized under Paragraphs 7(b)-(c) to receive Designated Material marked as CONFIDENTIAL or OUTSIDE ATTORNEYS' EYES ONLY, that the person has read this Order, that such person agrees to comply with, and be bound by, this Order, and that such person is aware that contempt sanctions may be entered for violation of this Order. Outside counsel to whom Designated Material is produced shall keep in his or her files an original of each such executed Acknowledgment of Protective Order until sixty (60) calendar days after the final termination of this Litigation. Upon final termination of this Litigation and at the written request of the Producing Party, all such executed agreements shall be provided to outside counsel for the Producing Party.

9.     **PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**

If it becomes necessary for a Receiving Party's outside counsel to seek the assistance of any person, other than those persons referred to in Paragraph 7, and to disclose Designated

Material to such person to properly prepare this Litigation for trial, the following procedures shall be employed:

(a)    Outside counsel of the Receiving Party shall notify, in writing, outside counsel for the Producing Party, identifying therein the specific Designated Material to be disclosed and the name, address, and position (along with a job description) of the person(s) to whom such disclosure is to be made;

(b)    If no objection to such disclosure is made by outside counsel for the Producing Party within five (5) business days of such notification, outside counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that outside counsel for the Receiving Party shall serve upon outside counsel for the Producing Party, prior to disclosure, an Acknowledgment of Protective Order in the form attached as EXHIBIT A, whereby such person agrees to comply with and be bound by this Order. The acknowledgment shall be retained by outside counsel for the Receiving Party, and distributed upon final disposition of this Litigation as set forth in Paragraph 8 above.

(c)    If, within five (5) business days, the outside counsel for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon a regularly noticed motion brought by the Receiving Party.  Before filing such a motion, outside counsel for the Receiving Party shall meet and confer with outside counsel for the Producing Party in a good faith effort to resolve their differences.

(d)    Any Party moving for such an order requesting disclosure shall explain why the requested disclosure is appropriate, but the Producing Party shall bear the burden of justifying the confidentiality designation and explaining the harm that would result from the requested disclosure.

## 10.    PROSECUTION BAR

Absent written consent from the Producing Party, any attorney, patent agent, paralegal, expert, or consultant of, for, or representing the Receiving Party that gains access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall not be involved in the prosecution of

patents or patent applications relating to non-invasive pre-natal testing of cell-free DNA in maternal serum or plasma samples, including without limitation the patents asserted in this Litigation and any patent or application claiming priority to or otherwise related to the patents asserted in this Litigation, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). This prosecution bar is personal to the person who has gained access to such "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and shall not be imputed to any other person or entity. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims (for example, original prosecution, reissue and reexamination proceedings). To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" is first received by the affected individual and shall end two (2) years after final termination of this Litigation.

**11.** **PROCEDURES FOR FILING PAPERS WITH DESIGNATED MATERIAL**

Designated Material may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with the following procedures:

(a) The Designated Material must be filed under seal in sealed envelopes endorsed with the title of this Litigation, an indication of the contents of the envelope, the identity of the filing Party and the notation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - NOT TO BE DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN STIPULATION OF THE PARTIES." A Party that seeks to file under seal any Designated Material must comply with Civil Local Rule 79-5.

(b) All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information set forth in Designated

Material must be filed under seal in accordance with the terms and procedures set forth in this Order and applicable Court Rules, including the procedures for filing materials set forth above in Paragraph 11(a). Counsel for the Party filing papers with Designated Material shall be responsible for designating all papers filed with the Court as Designated Material and marked as CONFIDENTIAL or OUTSIDE ATTORNEYS' EYES ONLY depending on the contents of the papers being filed and for complying with Court Rules governing sealing and redacting of such filings. Such papers shall be subject to the terms of this Order.

**12.    REDACTED FILINGS OF PAPERS WITH DESIGNATED MATERIAL**

Subject to the Court's ruling upon an appropriate motion, in accordance with the Court Rules, redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with Court Rules and made publicly available provided that:

(a)    All Designated Material set forth in the papers is deleted or completely obscured and all Designated Material is removed as exhibits; and

(b)    Redacted versions of the papers are clearly marked "Public Version Confidential Material Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

**13.    UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**

Counsel shall exert their best efforts to identify information (including documents or material) protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity prior to the disclosure of any such documents or material. If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.

If a Producing Party unintentionally or inadvertently discloses information that it believes is protected privileged or otherwise immune from discovery, the Party shall, within seven (7) business days upon discovery of the disclosure, so advise the Receiving Party in writing, request

the information be returned, and attach a privilege log with an entry pertaining to the information that is privileged or otherwise immune from discovery.  If that request is made and the privilege log provided, no Party to this Litigation shall thereafter assert on this basis that the disclosure waived any privilege or immunity.  If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; (3) shall immediately, and not later than three (3) business days after receipt of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies thereof; and (4) shall confirm to the Producing Party the destruction under (3) above of all copies of the information not returned to the Producing Party.  No one shall use the fact or circumstances of production of the information in this Litigation to argue that any privilege or protection has been waived.  The cost, if any, for excising such documents or materials by the Receiving Party shall be borne by the Producing Party.  Notwithstanding this provision, no Party or its outside counsel shall be required to return or destroy any information that may exist on any disaster recovery backup system. The Receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this Litigation.  Outside counsel for the Producing Party and outside counsel for the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel.

To the extent that any such inadvertently produced material has been used, included, referenced, or summarized in a pleading, deposition or other proceeding, nothing in this paragraph

shall require a Receiving Party to purge, redact, or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material.

**14.     PROCEDURE REGARDING HIPAA-PROTECTED INFORMATION**

This Order is intended to comply with the HIPAA requirements of 45 CFR § 164.512(e)(1)(v). A Producing Party is entitled to redact information that constitutes, embodies, or reflects "protected health information" under HIPAA from documents and material produced in this Litigation. Alternatively, a Producing Party may produce such documents or material in unredacted form by designating the document or material as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" in accordance with the provisions of this Order, and the Receiving Party shall treat all such "protected health information" accordingly. If a Party uses Designated Material containing "protected health information" in an expert report or at deposition, trial, or any motion or other presentation in or to the Court, the Party using such Designated Material shall redact the "protected health information" from such Designated Material.

**15.     INFORMATION NOT COVERED BY THIS ORDER**

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission by the Producing Party to the Receiving Party in this Litigation, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this Order.

**16.     RESPONSIBILITY OF ATTORNEYS**

Outside counsel for the Receiving Party shall be responsible for employing reasonable measures to control duplication of, access to, and distribution of copies of Designated Materials it received. The Receiving Party shall not duplicate any Designated Material except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, and experts or consultants approved under Paragraphs 7 and 8, for use as

working copies. All copies, extracts and translations must be appropriately marked and are subject to Paragraph 17 of this Order.

**17. FINAL DISPOSITION**

Upon termination, settlement or final judgment of this Litigation including exhaustion of all appeals, the originals and all copies of Designated Material, including without limitation documents containing "protected health information" under HIPAA, shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, outside counsel may retain pleadings, attorney and consultant work product, attorney-client communications, communications with opposing counsel, and depositions for archival purposes. If Designated Material is destroyed (in lieu of return) pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this Litigation.

**18. REFERENCE TO THIS ORDER AT TRIAL**

No reference may be made at the trial in this Litigation in the presence of a jury to the existence of this Order or to the effect that certain material is subject to this Order.

**19. NO LIMITATION OF OTHER RIGHTS OR OBJECTIONS**

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

**20. ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this Litigation. The marking of Designated Material as CONFIDENTIAL or OUTSIDE ATTORNEYS' EYES ONLY pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding

related to this Litigation pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the Parties or otherwise, to preserve the confidentiality of Designated Material marked as CONFIDENTIAL or OUTSIDE ATTORNEYS' EYES ONLY.

**21.     RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information.  This Order does not preclude all of the Parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order.  On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

**22.     DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a Party to this Litigation ("third party") requiring disclosure of such third party's Designated Material, the Designated Material disclosed by any such third party will be accorded the same protection as the Parties' respective Designated Material, and will be subject to the same procedures as those governing disclosure of the parties' respective Designated Material pursuant to this Order.

**23.     MATERIAL CONFIDENTIAL TO THIRD PARTIES**

During the course of this Litigation, a Party may be requested to produce to another Party information subject to contractual or other obligations of confidentiality owed to a third party by the Party receiving the request.  The Party subject to such contractual or other obligation of confidentiality shall timely contact the third party to determine whether such third party is willing to permit disclosure of the information under the terms of this Order.  If the third party is willing to permit such disclosure, the information shall be produced in accordance with this Order.  If the

third party is not willing to permit disclosure of the information under the terms of this Order, the Requesting Party in the Litigation shall be notified and any information withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the third party to whom the obligation of confidentiality is owed.  This Order shall not preclude any Party from moving the Court for an order compelling production of such information.

**24.    <u>NON-PARTY REQUEST/SUBPOENA OF DESIGNATED MATERIAL</u>**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel for the Producing Party immediately, and in no event more than five (5) business days after receipt of the subpoena or other compulsory process, identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process.

The Receiving Party must also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the materials covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party.  In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

**25.    <u>UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL</u>**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated

Material, and to bind such person to the terms of this Order.  In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Stipulated Protective Order in the form shown in EXHIBIT A.

**26.    COUNSEL'S RIGHT TO PROVIDE ADVICE**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's client with respect to this Litigation, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

**27.    NO CONTRACT**

To the extent that the Parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order.  The Parties' stipulation shall not be construed to create a contract between the Parties or between the Parties and their respective counsel.

**28.    EFFECTIVE DATE**

This Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed OUTSIDE ATTORNEYS' EYES ONLY INFORMATION unless and until they are re-designated by the Producing Party or by further order of the Court.

**29.    TERMINATION**

The final termination of this Litigation shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court of competent jurisdiction) orders otherwise.

**30.    OTHER PROCEEDINGS**

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and

subject to disclosure in another case.  Any person or Party subject to this Order who becomes

subject to a motion to disclose another Party's Designated Material pursuant to this Order shall

promptly notify that Party of the motion so that the Party may have an opportunity to appear and

be heard on whether that information should be disclosed, as noted above in Paragraph 24.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 23, 2012

THOMAS WHITELAW LLP
W. Paul Schuck

By: _____

Attorneys for Natera, Inc. and DNA Diagnostics Center, Inc.

Dated: July 23, 2012

KAYE SCHOLER LLP
Michael J. Malacek
Peter E. Root
Stephen C. Holmes

By: _____

Attorneys for Sequenom, Inc.

Dated: July 23, 2012

SATTERLEE STEPHENS BURKE
  & BURKE LLP
Mario Aieta

By: _____

Attorneys for Isis Innovation Limited

**IT IS SO ORDERED.**

Dated: ___7/24/12_____

_____
United States District Judge
Susan Illston

- 23 -

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATERA, INC. and DNA DIAGNOSTICS CENTER, INC. | )  Case No. 3:12-cv-0132-SI |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| SEQUENOM, INC. | ) |
| | ) |
| Defendant/Counterclaim Plaintiff; and | ) |
| | ) |
| ISIS INNOVATION LIMITED | ) |
| Nominal Counterclaim-Defendant. | ) |

I, _____, state that:

I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 20___.

_____
(Signature)

_____
(Typed or Printed Name)

STIPULATED PROTECTIVE ORDER

**EXHIBIT B**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATERA, INC. and DNA DIAGNOSTICS CENTER, INC.<br><br>        Plaintiff/Counterclaim<br>        Defendant,<br><br>    v.<br><br>SEQUENOM, INC.<br><br>        Defendant/Counterclaim<br>        Plaintiff; and<br><br>ISIS INNOVATION LIMITED<br>        Nominal Counterclaim-<br>        Defendant. | Case No. 3:12-cv-0132-SI |

1.      This agreement is made between _____

[INSERT NAME OF COUNSEL or CONSULTANT] and

_____ (NAME OF PARTICIPANT),

residing at _____ (ADDRESS OF

PARTICIPANT).

2.      I understand that, in connection with the research project in which I am

participating today, I may receive information that is confidential, and that I may not share or

disclose that information with anyone (including members of my family) outside of this research

group.

STIPULATED PROTECTIVE ORDER

3.      I agree not to disclose any information I learn here today to anyone outside of this research group, or to use such information in any way outside of my participation in this research project today.

4.      I agree that, at the end of the research project today, I will not keep or take with me any documents or other materials shown to me, or any notes or other records I may make about those documents or other materials shown to me today.

Signed:

_____

Date:_____

STIPULATED PROTECTIVE ORDER