| | |
|---|---|
| **KAYE SCHOLER LLP**<br>Michael J. Malecek (171034)<br>michael.malecek@kayescholer.com<br>Peter E. Root (142348)<br>peter.root@kayescholer.com<br>Two Palo Alto Square, Suite 400<br>3000 El Camino Real<br>Palo Alto, California 94306<br>Telephone:  (650) 319-4500<br>Facsimile:  (650) 319-4700<br><br>Attorneys for Defendants and<br>Counterclaim-Plaintiffs<br>SEQUENOM, INC. and<br>SEQUENOM CENTER FOR<br>MOLECULAR MEDICINE, LLC | **BARTKO, ZANKEL, BUNZEL & MILLER**<br>W. Paul Schuck (203717)<br>pschuck@bzbm.com<br>Sony B. Barari (243379)<br>sbarari@bzbm.com<br>One Embarcadero Center, Suite 800<br>San Francisco, California 94111<br>Telephone:  (415) 956-1900<br>Facsimile:  (415) 956-1152<br><br>Attorneys for Plaintiff and Counterclaim-<br>Defendant NATERA, INC. and<br>Counterclaim-Defendant<br>DNA DIAGNOSTICS CENTER, INC. |

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATERA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SEQUENOM, INC. and<br>ISIS INNOVATION LIMITED<br><br>    Defendants.<br>_____<br><br>SEQUENOM, INC.<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>NATERA, INC. and<br>DNA DIAGNOSTICS CENTER, INC.<br><br>    Counterclaim-Defendants,<br><br>and<br><br>ISIS INNOVATION LIMITED,<br><br>    Nominal Counterclaim-<br>    Defendant. | Case No. 3:12-cv-00132-SI<br><br>**[~~PROPOSED~~] FINAL JUDGMENT OF INVALIDITY OF ASSERTED CLAIMS OF U.S. PATENT NO. 6,258,540** |

Natera, Inc. ("Natera"), DNA Diagnostics Center, Inc. ("DDC"), Sequenom, Inc., and Isis Innovation, Limited ("Isis") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS Natera filed this declaratory judgment action against Sequenom and Isis seeking a declaration of non-infringement and invalidity of U.S. Patent No. 6,258,540 ("the '540 patent");

WHEREAS Sequenom counterclaimed against Natera and DDC for infringement of the '540 patent;

WHEREAS on October 30, 2013, in the related case *Ariosa Diagnostics, Inc. v. Sequenom, Inc.* (Case No. C 11-06391 SI) ("*Ariosa*"), this Court granted the motion for summary judgment made by Ariosa Diagnostics, Inc., based on this Court's determination that claims 1, 2, 4, 5, 8, 19, 20, 21, 22, 24, and 25 of the '540 patent are not drawn to patent eligible matter and are invalid under 35 U.S.C. § 101, as set forth in this Court's Order Granting Plaintiff's Motion For Summary Judgment And Denying Defendant's Motion For Summary Judgment (Docket No. 254 in Case No. C 11-06391 SI) ("Summary Judgment Order");

WHEREAS Sequenom asserts two additional claims of the '540 patent (claims 13 and 18) in its counterclaim for infringement against Natera and DDC in the present case;

WHEREAS the Parties agree, without prejudice to Sequenom's right to appeal, that this Court's rationale and reasoning in its Summary Judgment Order in the *Ariosa* case that claims 1, 2, 4, 5, 8, 19, 20, 21, 22, 24, and 25 of the '540 patent are invalid under 35 U.S.C. § 101 applies equally in the present case;

WHEREAS, in order to conserve judicial and party resources and allow for immediate appeal, the Parties agree that this Court should further grant summary judgment with respect to the additional claims of the '540 patent – claims 13 and 18 – asserted against Natera and DDC on the basis that the claims that were the subject of the Summary Judgment Order in the *Ariosa* case are representative of these two additional claims.

NOW, THEREFORE, IT IS STIPULATED by and among the Parties, through their respective counsel, as follows:

1. The Court's Summary Judgment Order in the *Ariosa* case applies with equal force to the present case with respect to the claims of the '540 patent asserted in both the *Ariosa* case and the present case (claims 1, 2, 5, 8, 21, 22, 24, and 25). These claims are deemed invalid under 35 U.S.C. § 101 pending appeal.

2. For purposes of patent eligibility under 35 U.S.C. § 101, claims 1, 2, 4, 5, 8, 19, 20, 21, 22, 24, and 25 of the '540 patent are deemed representative of claims 13 and 18 of the '540 patent.

3. The dependent claims-in-suit in the present case (claims 13 and 18) not addressed by the Court's Summary Judgment Order in the *Ariosa* case are deemed invalid under 35 U.S.C. § 101 pending appeal, and the claims of the '540 patent addressed in the Court's Summary Judgment Order in the *Ariosa* case will be treated on appeal as representative claims of these two dependent claims.

4. Insofar as the United States Court of Appeals for the Federal Circuit (the "Federal Circuit") vacates the summary judgment as to any of claims 1, 2, 4, 5, 8, 19, 20, 21, 22, 24, and 25, any claims that depend from a claim for which summary judgment was vacated and are asserted against Natera or DDC shall be treated as revived like such claims for which summary judgment was vacated.

5. By stipulating in the present case that this Court's Summary Judgment Order in the *Ariosa* case applies with equal force to the present case with respect to the claims of the '540 patent that are asserted in both the *Ariosa* case and the present case (claims 1, 2, 5, 8, 21, 22, 24, and 25) and by treating these claims as representative of the non-overlapping dependent claims of the '540 patent in suit in the present case, Sequenom retains the right to challenge this Court's Summary Judgment Order on appeal of the present judgment (as well as appeal of judgment in the *Ariosa* case or judgment in any other related case).

6. Natera stipulates to dismissal without prejudice of its claims for declaratory judgment relating to the '540 patent that are not subject to the following judgment, and reserves its right to reinstate these claims for declaratory judgment in the present action if the Federal Circuit vacates this judgment of invalidity under 35 U.S.C. § 101.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 18, 2013        BARTKO, ZANKEL, BUNZEL, & MILLER


By: _/s/ W. Paul Schuck_
    W. Paul Schuck
    Attorneys for Plaintiff and Counterclaim-Defendant NATERA, INC. and Counterclaim-Defendant DNA DIAGNOSTICS CENTER, INC.

Dated: November 18, 2013        KAYE SCHOLER LLP


By: _/s/ Peter E. Root_
    Peter E. Root
    Attorneys for Defendants and Counterclaim Plaintiffs SEQUENOM, INC. and SEQUENOM CENTER FOR MOLECULAR MEDICINE LLC

Dated: November 18, 2013        SATTERLEE STEPHENS BURKE & BURKE LLP


By: _/s/ Mario Aieta_
    Mario Aieta
    Attorneys for Nominal Defendant
    ISIS INNOVATION LIMITED

    I, Peter E. Root, am the ECF User whose ID and password are being used to file this [Proposed] Final Judgment Of Invalidity Of Asserted Claims Of U.S. Patent No. 6,258,540. In compliance with General Order 45, X.B, I hereby attest that the above counsel have concurred in this filing.

Dated: November 18, 2013        _/s/ Peter E. Root_
                                Peter E. Root

# [PROPOSED] FINAL JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101 AS TO SEQUENOM'S COUNTERCLAIM FOR INFRINGEMENT

THE COURT, having considered the foregoing stipulations of the Parties, and expressly adopting these stipulations, hereby ORDERS AND ADJUDGES:

1. Based on this Court's reasoning and rationale stated in this Court's Summary Judgment Order in the *Ariosa* case, the Court hereby enters final judgment under Rule 58 of the Federal Rules of Civil Procedure in favor of Natera as to Natera's claim for a declaratory judgment of patent invalidity pursuant to 35 U.S.C. § 101 as to claims 1, 2, 4, 5, 8, 13, 18, 19, 21, 22, 24 and 25 of the '540 Patent, which are hereby adjudged as invalid under 35 U.S.C. § 101, without prejudice to Sequenom's right to appeal;

2. Based upon this Court's finding that all '540 Patent claims asserted against Natera and DDC are invalid under 35 U.S.C. § 101, the Court hereby enters final judgment under Rule 58 of the Federal Rules of Civil Procedure in favor of Natera and DDC as to Sequenom's counterclaim for infringement of the '540 patent in the present case and Natera's declaratory judgment claims for non-infringement, without prejudice to Sequenom's right to appeal;

3. Natera's declaratory judgment claims for invalidity and non-infringement of all other claims of the '540 patent are dismissed without prejudice; and

4. All issues relating to fees and costs are reserved pending the outcome of any appeals, and the deadlines for filing such motions shall be set by the Court, upon application by the Parties, after a ruling by the United States Court of Appeals for the Federal Circuit.

IT IS SO ORDERED AND ADJUDGED:

DATED: November 20, 2013

_____
Honorable Susan Illston
United States District Court Judge